OPINION
Plaintiff-appellant Lockridge Outdoor Advertising appeals from a judgment of the trial court affirming a decision of the Springfield Board of Zoning Appeals that rejected Lockridge's applications to erect two billboards. Lockridge contends that the trial court erred by upholding the Board's interpretation of a provision of the Springfield Zoning Code prohibiting a billboard from facing the front or side lot line of any lot or parcel of land in a residentially-zoned district. In our view, the Board's interpretation of the ordinance was reasonable, and the trial court did not err in affirming the Board's decision. Therefore, the judgment of the trial court is Affirmed.
 I
Lockridge applied for permits to erect three billboards in the city of Springfield. Although all three permits were initially denied, one of the three was later granted as the result of administrative proceedings. This appeal is concerned with the two permits that were denied.
At issue in this appeal is Section 115.11 of the Springfield Zoning Code, which provides that "a billboard or other outdoor advertisement of an off-premises establishment, product or service is not permitted within one-hundred (100) feet of the front or side lot line of any lot or parcel of land in any R-District, or to face the front or side lot line of any lot or parcel of land in any R-District."
It is undisputed that the two billboards in question would not be erected within 100 feet of the front or side lot line of any lot or parcel in an R-District. At issue is the second restrictive clause, "or to face the front or side lot line of any lot or parcel of land in any R-District."
In interpreting this provision, the Board relied upon Section1105.04, which provides as follows:
 Upon appeal from a decision by the Director of Inspections or his authorized representative, the Board of Zoning Appeals shall have the power to decide any question involving the interpretation of the Zoning Code text or map, as follows:
 (a) In case there is question as to the intended meaning of any provision of the Zoning Code text, the Board may interpret its meaning as it applies to a particular property. Before reaching a decision in response to any request, the Board shall obtain the opinion of the City Director of Law thereon.
The Board obtained an opinion of the Springfield Law Director, which is in our record. The Board interpreted section1155.11(c) consistently with that opinion, rejected Lockridge's appeal, and denied the permits.
From that decision, Lockridge appealed to the Clark County Court of Common Pleas. Without taking any additional evidence, based on the transcript of the proceedings before the Board of Zoning Appeals, the trial court affirmed the decision of the Board, finding its interpretation of Section 1155.11(c) to be reasonable.
From the judgment of the trial court, Lockridge appeals.
 II
Lockridge's sole Assignment of Error is as follows:
 THE TRIAL COURT'S ENTRY AFFIRMING THE DECISION OF DEFENDANT-APPELLEE WAS AN INCORRECT APPLICATION OF CITY OF SPRINGFIELD ZONING CODE § 1155.11 AND, AS A RESULT, PLAINTIFF-APPELLANT WAS UNFAIRLY DENIED ADVERTISING PERMITS.
As framed by Lockridge's assignment of error, the sole issue in this case is the proper interpretation of City of Springfield Zoning Code Section 1155.11, and specifically, the restrictive clause in division (c) of that section, which prohibits a billboard from facing the front or side lot line of any lot or parcel of land in any R-District.
Lockridge contends that the correct interpretation of this provision is that a billboard may be erected as long as straight lines radiating from the face of the billboard first intersect back lot lines of a residential district, before intersecting side lot or front lot lines in a residential district. The Board contends that its interpretation is reasonable and correct. Its interpretation, as expressed in the preamble of its resolutions denying Lockridge's appeals, is as follows:
 WHEREAS, based on facts presented at said hearing, the Board finds as follows:
 That they are in agreement with the Law Director's opinion that the interpretation of Zoning Code Section 1155.11(c) to the effect that if one standing at the front or side lot line of a lot in an R-District can see and read a billboard from a distance of two-hundred (200') feet then the said billboard is "facing" the said side or front lot line for purposes of that section is a reasonable interpretation of the Zoning Code. It is a reasonable interpretation in the interest of the promotion of the public health, safety, convenience, comfort, prosperity and general welfare and conserving and protecting property and property values.
When a zoning code authorizes an officer or a board to interpret the code, their interpretation will be upheld if it is a reasonable interpretation. Rotellini v. West Carrollton Board ofZoning Appeals (1989), 64 Ohio App.3d 17, at 24.
We agree with the Board that the evident purpose for the "facing" restriction is to protect residents of a residential district from being faced with billboards when they look out from the side-lot or front-lot lines of their property. If the billboard is close enough that the resident can read it when standing at the side-lot or front-lot line of the residential lot, then the resident is faced with the billboard, and the billboard can reasonably be said to face the lot line.
Admittedly, the Board's adoption of a two-hundred-foot limitation for the application of this restriction appears somewhat arbitrary. However, that limitation could not have prejudiced Lockridge, since it merely limits the scope of the restriction to two hundred feet. Without it, Lockridge would be precluded from erecting a billboard whenever a resident of a residential district could see and read it from the resident's side-lot or front-lot line, regardless of the distance.
We agree with the trial court's conclusion that the Board's interpretation of section 1155.11(c) is reasonable. Accordingly, the judgment of the trial court is Affirmed.
YOUNG, J., concurs.
GRADY, P.J., concurs in judgment only.
Copies mailed to:
Barry S. Galen
Robin B. DeBell
Hon. Gerald Lorig